James P. MITCHELL, Secretary of Labor, United States Department of Labor

v.

BETTER LIVING MARKET, INC., and F. L. Stockstill.

Civ. A. No. 1540.

United States District Court
S. D. Mississippi,
Hattiesburg Division.

Nov. 18, 1960.

Harold C. Nystrom, Acting Sol., U. S. Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Atty., William Fauver, Hubert F. Owens, Attys., U. S. Dept. of Labor, Birmingham, Ala., for plaintiff.

Bruce C. Aultman, Simrall, Aultman & Pope, Hattiesburg, Miss., for defendants.

HOLLAND, District Judge.

The court now, at the conclusion of the case, having heard the evidence and the argument of counsel, is prepared to announce findings of fact and of law and decide the issues in the case.

### I

The court has jurisdiction of the subject matter and of the parties.

### II

Rather than separate the findings of fact from the finding or conclusions of law, it will help the court tó proceed to announce in separate paragraphs its conclusions jointly as to the facts and the law.

### III

The complaint was filed March 4, 1960, and, other than the jurisdictional matter, the complaint alleges that the defendants are employing at their establishment in Hattiesburg, Mississippi, an approximate number of employees in the ordering, receiving, checking, loading, moving, handling, working on, storing, unloading, transporting and doing office and paper work in connection therewith goods such as food products and miscellaneous dry goods, fancy products, substantial quantities of which have been and are being regularly received at said establishment from suppliers outside Mississippi, intended and destined for retail food stores. Further, that during the period since September 14, 1957, the defendants repeatedly have violated and are violating the provisions of the act in question by employing many of their employees in commerce for weeks longer than forty hours without compensating said employees for their employment in excess of forty hours in said work weeks at rates of pay not less than one and one-half times the regular rates at which they were employed. Further, it is charged that the defendants have violated and are violating the provisions of the act with reference to the matters and things set forth in the complaint in that, specifically since September 14, 1957, the defendants have failed to make, keep and preserve and make available to authorized representatives of the Secretary of Labor adequate records of their employees and the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations. Then the complaint prays for an injunction.

### IV

An answer was filed March 31, 1960, and the first defense is a matter of law and is now ruled to be an insufficient defense. The defendants admit that the corporate defendant is a Mississippi corporation, having its present place of business in Hattiesburg and admits that it is operating an office and warehouse in conjunction with and as a part of the operation of retail food stores in Forrest County, Mississippi. Then the answer proceeds with a supposition, "if it be intended in paragraph three of the petition to charge that said office and warehouse is not related to and a component part of the retail activities of the defendants, then such part of paragraph three be denied."

Then in paragraph five of this denominated Second Defense there is another assumption and the answer sets forth the contention that "if it be the purpose of paragraph five to charge the total number of employees employed by the corporate defendant, then these defend-

ants say that said defendants employ more than twelve employees in conducting the operation of the retail stores. If it be intended to enumerate only the employees working at 700 Ronie Street, then defendants admit that there are approximately twelve such employees."

Then the answer proceeds "these defendants admit that said employees, among other things, are engaged in ordering, receiving, checking, loading, moving, handling, working on, storing, unloading and transporting goods and in doing paper work but these defendants say all of said acts and other duties performed by said employees are a substantial part of the retail activities of the defendant corporation and the defendants deny that the act is applicable to the employment of said persons."

The third defense is that the defendants are now and have at all times in question been operating as a retail establishment under specific exemptions of the act.

## V

That is the issue that is presented by these pleadings.

There is nothing in the pleadings with reference to the matter of advice given by counsel at times, nothing in regard to a commencement of compliance in March of 1960, nothing in the pleadings with regard to the matter of counsel being engaged in other activities and having an illness both to himself and his family. So those matters do not come within the real issue that the court has to determine on the pleadings. They are pertinent; the court has admitted evidence on these other questions because they are material to the consideration of the general subject matter, as well as should the court exercise its jurisdiction in issuing an injunction.

## VI

The court, therefore, addresses itself in this next finding as to a decision on the issue made by the pleadings.

I may state that I have enjoyed the hearing of the evidence in this case and have been enlightened in regard to the state of the law as to chain store operations with reference to the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

As a matter of law, and expressed in this finding as a mixed question of fact and law, I have concluded and find that the summary cited by counsel for plaintiff on page 7 of their brief is well stated, and I read it:

"The holdings of the supreme court, reaffirmed by Congress and placed into the Congressional Record, setting forth the congressional intent of the term 'establishment' as it relates to the central office and warehouse of the grocery chain store company, are dispositive of the issue raised by the defendants in this case. Further, commencing with the Phillips decision [A. H. Phillips, Inc. v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095] rendered in 1945 every authority dealing with a central office and warehouse and chain stores has held against the decisions relied upon by the defendants in efforts to modify the Phillips case were struck down by the supreme court in the Beekins decision [Mitchell v. Bekins Van & Storage Co., 352 U.S. 1027, 77 S.Ct. 593, 1 L.Ed.2d 589] in 1956", and since then another case, Mitchell v. Kroger Co., 8 Cir., 248 F.2d 935 has reaffirmed the doctrine of the Phillips case, and notwithstanding the argument of counsel for the defendant, I think that is a correct summary of the law.

I find that the contentions made by the defendant with regard to retail activities or retail services by the defendant are not sufficient under the facts in this case, and under the stipulation of the facts, to take this case out of that general principle announced in that summary which I have adopted.

## VII

I next come to findings and conclusions with reference to the action of the court with regard to the granting of an injunction.

I first comment upon the question of whether wilfulness is a factor to be considered by the court in the matter of granting an injunction such as is re-

quested here. If a case was presented where there was a wilful violation, it would certainly enhance the reason why the court would grant an injunction, if the court is of the opinion that an injunction should be granted; but the absence of wilfulness is not material to the question that the court has to consider as to why an injunction should or should not be granted. There is no allegation in the complaint of any wilfulness. There is allegation in there in regard to non-access to the books and records of the defendant, but I don't construe that as amounting to an allegation that the alleged non-compliance was a wilful one. The court definitely finds that there was no wilful non-compliance on the part of the defendants at any time, nor was there any wilful non-compliance advised by the counsel for defendants.

I have been struck with the type of people who appear here as witnesses in this case, the president of this defendant corporation, the vice-president, Mr. McInnis, and I have sat in court where I could see them all testify. I have no hesitancy in saying that these are good people in this community, the clients and the lawyers.

I believe and find in looking into the spirit of the act and not into the technical aspect that the amount of money that is presently paid to this gentleman, the comptroller, renders any reference to the type of his activities as to whether he comes within the definition of employer or not as entirely immaterial; and while I do find that there has been a non-compliance with the act before March 13, 1960, I do not find that by reason of the keeping of the books and records as to Mr. Trigg and as to how he is paid that that constitutes a non-compliance. Therefore, it results that the final action of the court in granting this injunction is based upon the non-compliance prior to March 13, 1960.

## VIII

 I find that there has been a non-compliance with the act here in question, which was occasioned by an unfortunate non-observance of the act prior to March 13, 1960, and that this non-compliance was not accompanied by any bad faith on the part of these defendants or their counsel, but I do find that this violation prior to March 13, 1960, has ceased and that the defendants are now in compliance, however, the granting of an injunction as prayed by the plaintiff is granted.

## IX

Another reason for granting of this injunction is this: notwithstanding the fact that non-compliance has ceased as of the work week beginning March 13, 1960, counsel for the defendants in his argument and during the trial has taken the position that this defendant does come within the exemption clauses. Counsel so advised, and I find that counsel so advised his client when the matter was first brought to his attention. Counsel is in good faith in that opinion. People differ as to the law. But it is now before the court for a decision on that matter, and counsel for the defendants has, as I understand his position, taken the position that his advice to his client as to compliance beginning in March of 1960 was occasioned by the fact that the difference in money with compliance was minimal, and, following that contention, which counsel for the defendants in good faith makes, he argues before the court still, at the conclusion of this case, that the defendant is entitled to come within the exemption clause, and I think that ought to be settled and that is another reason for the decision I am now making.

## X

Hence it is that the court now finds that the injunction is granted, but in the injunctive order I want counsel in the preparation of such order as may be submitted to me for signing in accordance with these findings to embrace in that order language somewhat of this nature —I am not saying you necessarily should follow this, but I am going to give counsel this scribbling I have made out—and the reason for my decision on that point is this: as I have said, these defendants,

the president and vice-president of this concern, and counsel, are good citizens and there never was any intention on their part to wilfully violate the law. I find that from the evidence and from what I have observed and have seen here in court. I don't depend on someone who may be interested in the granting of this injunction having to go to the records to find out all of these findings that I have made, but I want the injunction order itself to embrace some language of this nature, and I read from this pencilled memorandum: "There has been a non-compliance with the act here in question which was occasioned by an unfortunate non-observance of the act prior to March 13, 1960, which was not accompanied by any bad faith on the part of the defendants or their counsel. This violation has ceased since March 13, 1960, and the defendants are now in compliance, however, the granting of an injunction as prayed by the plaintiff is granted and the court now does grant it."